USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-21-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BENJAMIN JIMENEZ,

                     Petitioner,

-against-

UNITED STATES OF AMERICA,

                     Respondent.
------------------------------------------------------------ X

**ORDER AND OPINION GRANTING PETITION FOR HABEAS CORPUS**

16 Civ. 4653 (AKH)
13 Cr. 58 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Petitioner Benjamin Jimenez filed this petition pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). Petitioner argues that he is entitled to vacatur of the § 924(c) conviction (Count Three) under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, No. 14-2641-CR, 2019 WL 4121728 (2d Cir. Aug. 30, 2019), and requests a full resentencing. For the reasons that follow, the petition is granted.

## Background

         On January 23, 2013, Petitioner and numerous other defendants were charged with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count One); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and possessing, or aiding and abetting the possession of, firearms in connection with (i) "a drug trafficking crime . . . , namely, the narcotics conspiracy charged in Count One" and (ii) "a crime of violence . . . , namely, the robbery conspiracy charged in Count Two," in violation of 18 U.S.C. §§ 924(c)(2) and 924(c)(1)(A)(ii) (Count Three) (ECF No. 24). Both charged conspiracies were premised on the same conduct, namely defendants' plan to rob a fictitious shipment of 20 to 40 kilograms of heroin.

On August 2, 2013, Petitioner pleaded guilty to Counts Two and Three. Petitioner admitted that "[he] and others acted together to commit robberies of drug dealers" and that they "were going to rob [the drug dealers] of drugs and money." ECF No. 142, at 21:18-21. Petitioner also admitted that he "possessed a loaded firearm in a motor vehicle, where the intent [was] to use the firearm to rob drug dealers." *Id.*, at 21:22-24. As the Government concedes, in Petitioner's plea agreement and throughout Petitioner's plea and sentencing hearings, the Government and the Court referred only to the Count Two robbery conspiracy predicate when describing Count Three. *See id.* at 12:24-13:7.

On January 31, 2014, the Court sentenced Petitioner to 37 months' imprisonment for Count Two and the mandatory minimum 60 months' imprisonment for Count Three, to run consecutively. ECF No. 386, at 26:6-9. The Court also imposed three years of supervised release on each count, to run concurrently. *Id.*, at 26:18-20. Petitioner did not appeal his sentence.

Petitioner filed a § 2255 motion on February 24, 2015, arguing counsel provided ineffective assistance by failing to advise him of the requisite mental state for Count Three. The Court denied that motion on July 23, 2015. On June 17, 2016, Petitioner filed the instant § 2255 motion. Because the filing of a second or successive § 2255 motion requires leave from the appropriate Court of Appeals, the Court transferred the motion to the Second Circuit. The Second Circuit stayed the motion pending the resolution of Second Circuit cases involving the application of *Johnson v. United* States, 145 S. Ct. 2551 (2015), to § 924(c) and similar cases. On September 25, 2019, the Second Circuit issued an order terminating the stay, granting Petitioner's motion for leave to file a successive § 2255 motion, and remanding the proceedings to this Court. It is now clear that conspiracy to commit Hobbs Act robbery is not a valid predicate for a § 924(c) conviction. *Barrett*, 2019 WL 4121728, at *2 (citing *Davis*, 139 S. Ct. 2319).

2

**Discussion**

Under 18 U.S.C. § 924(c), any person who "during and in relation to any *crime of violence* or *drug trafficking crime* . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to additional criminal penalties (emphasis added). *Davis* held that 18 U.S.C. § 924(c)(3)(B) (also known as the statute's "residual clause"), which defined a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. *See* 139 S. Ct. 2319. Although, in light of *Davis* and *Barrett*, a Hobbs Act robbery conspiracy is no longer a valid § 924(c) predicate offense, drug trafficking remains a valid predicate offense. *See* 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime" to include, *inter alia*, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*)").

Petitioner's arguments in support of vacatur are substantially similar to those of his co-defendants Julio Camacho and Joshua Roman, the relevant portion of whose plea hearing allocutions were nearly identical to Petitioner's, and whose Count Three convictions I vacated on August 15, 2019 and October 2, 2019, respectively. *See* ECF Nos. 675, 692. For the reasons set forth in the decision granting Julio Camacho's petition, I rule as follows: (1) Petitioner is not procedurally barred from bringing the instant petition by his failure to appeal, since the vagueness challenge that prevailed in the *Johnson* line of decisions was not reasonably available to counsel at the time of sentencing. *See, e.g.*, *United States v. O'Shea*, 256 F. Supp. 3d 72, 78-80 (D. Mass. 2017) (observing that the Supreme Court twice had expressly rejected the vagueness challenge that ultimately succeeded in *Johnson*, and holding that petitioner sentenced pre-*Johnson* had established cause and prejudice). (2) *Davis* and *Barrett* require vacatur of Count Three's predicate offense of conspiracy to commit Hobbs Act robbery. (3) Petitioner's allocution does not establish a sufficient factual basis for a plea to Count Three's illegal use or

3

possession of a firearm as the object of a drug trafficking charge. The predicate charge in defendant's allocution was a Hobbs Act conspiracy, a non-violent crime for our purposes. It is not relevant that the robbery that the Hobbs Act conspiracy intended was of a stash house. The narcotics were incidental to the intended robbery, and withdrawn as a separate charge to induce defendant to plead guilty.

## Conclusion

The § 2255 petition is granted, and Petitioner's Count Three conviction is vacated. Petitioner shall appear for re-sentencing on October 31, 2019 at 11:00 a.m. If transportation to the Southern District of New York cannot be arranged by that date, the Assistant U.S. Attorney shall make the necessary arrangements for appearance by live video from a location convenient to the Bureau of Prisons.

The Clerk shall terminate the open motion (ECF No. 576).

SO ORDERED.

Dated: October __, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge